# FEBRUARY 6, 1946

JOHN CLANCY V. THE STATE.

No. 23285. Delivered February 6, 1946.

The opinion states the case.

*G. C. Harris* of Greenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an aggravated assault upon Walter Jones, and by a jury fined the sum of $50.00. He appeals.

The complaint and information charge appellant with having committed such assault "with an open knife, the same then and there being a deadly weapon and did then and there with the said deadly weapon strike the said Walter Jones."

It will be observed from the above that the only allegation relative to an aggravated assault lies in the character of the knife used being a deadly weapon. There is no proof found in the record relative to what kind of a knife was used in this encounter between appellant and the complainant.

The State's testimony shows that the two parties were brothers-in-law; that they met in the town of Greenville on a Saturday afternoon, and while Mr. Jones and his wife were approaching the court house appellant said to them "Hey, there," whereupon Jones turned around and appellant struck him on the nose with a knife, penetrating to the nasal passage. Mr. Jones produced a ball-peen hammer and struck appellant, who continued to strike with the knife. Finally appellant threw Jones, who was the larger man, to the pavement, possessed himself of the hammer and struck Jones therewith; however they soon separated, the knife being no longer used, and the affair ended.

Appellant testified that he was struck with the knife, but gave no description thereof. His wife also said that "My brother (appellant) had a knife. I don't know whether my brother had a knife or not; Mr. Jones was the one who had a cut on his nose. I didn't see the knife. I didn't have time to see it, it was all done so quick."

The physician attending Jones testified that he examined him and found a bruise on the right side of his face, not through the skin, and a puncture of the nasal passage; "you could see through it. The danger from this wound was not primary. It was not a very dangerous wound unless infection begins; if infected it may ascend into the brain and produce meningitis. There were some small wounds on the body; two small puncture wounds in the upper abdomen, just beneath the skin into the fat; they did not bleed much, but the patient lost a considerable amount of blood, but not a dangerous amount."

Appellant denied having used a knife, testifying he had none, and also offered proof of a lacerated hand, which he contended was the cause of the condition of Jones' face; he also claiming to have struck Jones on the nose and face with Jones' own hammer.

A knife per se is not a deadly weapon, Branch's P. C., p. 934, Sec. 1587, but the wounds inflicted upon the person assaulted will be looked to in determining whether the instrument used was a deadly weapon. See Branch's P. C., supra, also Ammann v. State, 145 Tex. Cr. R. 34, 165 S. W. (2d) 744.

There is no proof of any kind present herein as to the size and shape of the blade of the knife claimed to have been used, and we do not think the nature and character of the wounds

upon Mr. Jones' body would be of any assistance in determining whether or not this knife was a deadly weapon.

Inasmuch as this cause is based upon Art. 1147, Sec. 8, P. C., which denounces as aggravated an assault "when committed with deadly weapons under circumstances not amounting to an intent to murder or maim," and there being no proof relative to the deadly character of the weapon proven to have been used, the allegations and the proof fail to correspond, and the judgment will therefore be reversed and the cause remanded.